UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **HERBERT JONES** | * | **DOCKET NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 16th Judicial District Court, Parish of St Mary, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiff Herbert Jones filed a "*Petition for Damages*" in the 16th Judicial District Court, Parish of St. Mary, for the State of Louisiana, against State Farm Fire and Casualty Company, ("State Farm") on July 28, 2023. The case was captioned "*Herbert Jones versus State Farm Fire and Casualty Company*" Docket No. 137657 Div. C (*See* Exh. A Bates Stamped Exhibit A State Court Record Pages 3 to 17, Petition for Damages P. 4 to 11; Notice of Service on State Farm through the La. Secretary of State on August 7, 2023, Exhibit A P. 3 Mailing of Petition by Secretary of State to State Farm through its agent, Corporation Service Company, on August 8, 2023, Receipt by Corporation Service Company of Petition from La. Secretary of State on August 9, 2023

attached hereto and marked for identification as Exhibit "A", in *globo*.). State Farm was served through its statutory agent, the Louisiana Secretary of State, on August 7, 2023, and received notice of the lawsuit on August 9, 2023. (*Id*.).

2.

Plaintiff brings this lawsuit against State Farm in its capacity as his homeowner's insurer for his home located at 3125 Diane Drive, Morgan City, LA (hereinafter referred to as "Insured Property"). (See Exh. A. at p. 5, Petition ¶6-8). Plaintiff asserts that State Farm owes him amounts under his homeowner's policy for damage to his home as a result of Hurricane Ida on August 29, 2021. (*Id*. at p. 5. ¶7-9). Plaintiff alleges that he has suffered extensive damage to his home, and State Farm has failed to compensate him for all costs, related expenses, and damages associated with his loss. (*Id*. at p. 5-6. ¶7-10.) As detailed below, Plaintiff's claims for damages to the dwelling, statutory penalties, attorney fees and other damages listed in the Petition for Damages far exceed the sum or value of $75,000, exclusive of interest and costs.

3.

Plaintiff alleges in his Petition that State Farm inspected his property on October 12, 2021, and tendered only $1,056.73. (See Exh. A at p. 5,6 ¶9, 15). Plaintiff contends he has "sustained a financial loss that is at least $97,155.08 which consists of the following elements: $79,050.86 for damage to structure, and $18,104.22." (*Id*. at p. 5. ¶7).

4.

Further, in the Petition, Plaintiff claims that he is entitled to statutory penalties on the amount not paid, as well as attorney fees and other damages under La. R.S. 22:1892 and 22:1973. (See Exh. A at p 7-10. ¶19-27). Though unnecessary to evaluate considering the amount in controversy on the face of the Plaintiff's pleading is over $95,000, it is well-settled that statutory

penalties can be used as support that the jurisdictional amount has been exceeded. *Lapeyrouse v. State Farm Fire & Cas. Co*., No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014)(citing *Fortier v. State Farm Fire & Cas. Co*., 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). Courts have specifically cited claims under La. R.S. 22:1892 as appropriate to use in calculating the jurisdictional amount. *Easley v. Republic Fire and Casualty Insurance Company,* 2020 WL 7344614, (M.D.La. Nov. 4,2020). The 50% statutory penalty sought under La. R.S. 22:1892 by the Plaintiff could amount to $48,577.54 based on the estimates alleged on the face of the Plaintiff's Petition. Without even considering attorneys fees, this combination of the amount complained of in the Plaintiff's petition and possible penalties amount to $145,732.62, an amount which in itself far exceeds the sum of $75,000.00.

**5.**

State Farm removes this action from the 16th Judicial Court, Parish of St. Mary, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS ALL PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS**

**6.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

**7.**

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a

defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). While State Farm admits no liability, Plaintiff's Petition on its face establishes that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000.00) DOLLARS, exclusive of interest and costs.

8.

Plaintiff is a citizen of Louisiana who is domiciled in St. Mary Parish. (Exh. A Petition p 4. ¶1). State Farm is a foreign corporation duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois and is a citizen of the State of Illinois. There is complete diversity amongst all parties.

9.

This is a civil action over which the United States District Court for the Western District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

10.

State Farm was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, August 7, 2023 (Exhibit A at p. 3 Service Return on

Citation). The Secretary of State forwarded the Petition to Corporation Service Company by certified mail on August 8, 2023, which was received by Corporation Service Company on August 9, 2023. (*See* Exhibit A, Letter from Secretary of State dated August 8, 2023. *Id*. at p. 2, Service of Process Return on Service Copy of Citation showing service on the Louisiana Secretary of State dated August 7, 2023 *Id*. at p. 3, Notice of Service of Process Transmittal form from Corporation Service Company dated August 9, 2023, *Id.* at p. 1).

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process).

11.

This Notice of Removal is filed within 30 days of service of the petition on State Farm through its agent for service of process, Corporation Service Company.

12.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of a state and a citizen or subject of a foreign state.

13.

The 16th Judicial District Court, Parish of St. Mary, State of Louisiana, is located within the Western District of Louisiana pursuant to 28 U.S.C. § 98(c). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

14.

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date are attached hereto as Exhibit A, Bates Stamped Exhibit A State Court Record Pages 3 to 17, along with an service documents. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and the Clerk of Court for the 16th Judicial District Court, Parish of St. Mary, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

IV.   **CONCLUSION**

15.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Western District of Louisiana.

16.

State Farm reserves the right to supplement or amend this Notice of Removal.

**17.**

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

**18**.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Kellye R. Grinton*
**KELLYE R. GRINTON (#34738)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH  (#33060)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
kgrinton@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 7th day of September 2023, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiff Herbert Jones**
*Through his Counsel of Record - via email*
Alina Gonzalez
Austin Marks
Morris Bart, LLC
601 Poydras Street, 24th Floor

New Orleans, LA  70130
Telephone: 504-525-8000
Facsimile: 504-327-2116
agonzalez@morrisbart.com
amarks@morrisbart.com

**Clerk of Court -** *Via Fax-Filing*
St. Mary Parish Clerk of Court
16th Judicial District Court
P. O. Box 1231
Franklin, LA  70538
Telephone: 337-828-4100
Facsimile: 337-828-2509

                                            */s/Kellye R. Grinton*
                                            KELLYE R. GRINTON